IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE G. CLARK, ET AL<br>*Plaintiffs,*<br><br>vs.<br><br>JEFF LANDRY, in his official capacity<br>as Governor of the State of Louisiana, ET AL,<br>*Defendants,*<br><br>Certified Class Action Complaint[1] | CIVIL ACTION<br><br>No. 86-435-A JWD-EWD<br><br>DISTRICT JUDGE<br>JOHN W. DEGRAVELLES<br><br>MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

**PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES, TO CONFIRM THE COURT'S PERMANENT INJUNCTION, FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED PRELIMINARY INJUNCTION HEARING, AND FOR APPOINTMENT OF A SPECIAL MASTER**

Plaintiff Orscini L. Beard, Voter Information Project, LLC,[1] and Class-Member Plaintiffs Donald R. Johnson, Trudy M. White, Gideon T. Carter, III, Ronald R. Johnson, Gail Horne Ray, and Colette M. Greggs, by and through undersigned counsel (hereinafter collectively referred to as "Plaintiffs"), respectfully move this Court to confirm its permanent injunction, for a Temporary Restraining Order ("TRO") and thereafter an expedited preliminary injunction enjoining Defendants from conducting any elections or implementing any electoral procedures that employ an at-large district and two multi-member sub-districts consistent with Act 243 of the 2025 Louisiana Regular Session (hereinafter referred to as "Act 243"), and for the appointment of special master. The declaratory, injunctive, equitable and remedial judgments rendered herein are interrelated and are in Plaintiffs favor and against the Defendants' predecessors in office.

Act 243 has abolished the three multi-member sub-districts created by this Court's remedial order, replacing them with only two multi-member sub-districts; reduced the number of

---

[1] See Rec. Doc. 25A; Class certification approval August 20, 1986.

1

African American judges from nine to seven, thereby eliminating two judgeships that African American voters have consistently elected; and diminished minority voting strength in direct violation of this Court's permanent injunction and final judgment in *Clark v. Edwards*, 725 F. Supp. 285 (M.D. La. 1988), as affirmed and modified on appeal. These changes are retrogressive under the standard first announced in *Beer v. United States*, 425 U.S. 130 (1976), and repeatedly reaffirmed in *Allen v. Milligan*, 599 U.S. 1 (2023): any plan that "puts minority voters in a worse position than they previously enjoyed" violates § 2's results test.

Because (1) Defendants have resumed use of the very at-large district this Court declared unlawful, (2) candidate qualifying for the 2025 judicial elections opens July 17, 2025, and (3) ballots must be certified no later than August 20, 2025, immediate injunctive relief is necessary to prevent irreparable dilution of Plaintiffs' voting rights. See *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

This motion and the injunction proceedings are time-sensitive because Act 243 was hurriedly enacted on June 11, 2025, and there are state-law deadlines applicable to Louisiana's special election for Division "O" and next year's regular scheduled elections for the 19th JDC. Qualified persons desiring to become a candidate for the office, Division "O", are required to file a notice of candidacy, during the period commencing Wednesday, July 17, 2025 and ending Friday, July 19, 2025. The special election shall be held and conducted under the applicable provisions of the Louisiana Election Code, La. R.S. 18:1 *et seq*. The primary election is scheduled to be held Saturday, October 11, 2025, and the general election is scheduled for Saturday, November 15, 2025, at the times, places, and in the manner, prescribed by state law.

For additional reasons set forth in the accompanying memorandum in support, which are incorporated herein by reference, Defendants Governor Jeffery "Jeff" Landry, Attorney General Elizabeth "Liz" Murrill, and Secretary Nancy Landry have acknowledged (Rec. Doc. 720, page 7)

the Court's August 15, 1988 "Findings of Fact and Conclusions of Law" (Rec. Doc. 188). On February 14, 2025, Governor Landry and Attorney General Murrill judicially confessed the August 30, 1991 (Rec. Doc.634) permanent injunction judgment against Louisiana's use of at-large parish-wide election districts (Rec. Doc. 720, page 25) for District 2 of the First Circuit, Court of Appeal. The permanent injunction, remedial judgment's subdistricts and boundaries also applies to the 19th JDC None of which has been dissolved, terminated, or vacated.

Immediate injunctive relief is necessary to prevent irreparable dilution of Plaintiffs' voting rights (See *Winter v. NRDC*, 555 U.S. 7, 20 (2008)) and equality in African American candidate opportunity, consistent with the judgments of this Court. Candidate qualifying opens July 17, 2025, for an unexpired term in Division "O."

Thus, immediate relief is imperative because there is a clear need for the following:

A. Prevention of a non-court approved state court special *redistricting* election for Division O (the primary election is scheduled to be held Saturday, October 11, 2025, and the general election is scheduled Saturday, November 15, 2025);

B. Remedial (dilutive impact and race discriminatory effect) assessment with expert assistance by the Court of the new redistricting map for Division "O" prior to the November 2025 election; and

C. Remedial assessment with expert assistance by the Court of the new redistricting maps of all of the remaining divisions of the 19th JDC before the next state qualifying in July 2026 for elections in all 15 divisions scheduled for November 2026; and

D. Remedial assessment with expert assistance by the Court of Act 243's allotment of two seven-member multimember subdistricts and one single member at large (parish-wide)

district before the next state qualifying in the July 2026 for elections in all 15 divisions scheduled for November 2026.

## I. INTRODUCTION & REQUESTED RELIEF

Plaintiffs seek a TRO that: 1) Enjoins Defendants from administering, preparing for, or conducting any judicial election using Act 243; 2) Orders Defendants to revert to the three multi-member remedial plan approved by this Court's judgment on August 30, 1991; and the judgment on remand rendered April 17, 1992, and amended on remand on October 19, 1992 (Doc. Rec. 692) or according to Louisiana Act 145, 3rd Extraordinary Session, Section, until further orders; and 3) Taking any further step that would dilute or regress the voting strength of African-American citizens and their preferred candidates opportunity for election to the 19th JDC.

Plaintiffs further seek appointment of a special master. Appointing a special master is especially appropriate hear where for 33 years, Plaintiffs have been voting by and candidates elected from the remedial decision of this Court and since have fought for and won groundbreaking voting reforms that have helped African American voters and candidates' opportunities. But today, serious threats to Plaintiffs' voting and civil rights, and justice demand bold and urgent action. Plaintiffs cannot allow reversal of our hard-fought gains. Two weeks ago, on June 11, 2025, the state Defendants, over Plaintiffs' objection, and without notice to the Court and approval, unilaterally cancelled the decision of this Court and Consent Decree without a court process or legitimate cause, to immediate and devastating effect for Plaintiffs and more than 119,00012 class citizens. Courts sometimes appoint special masters in these circumstances to assist them during the remedial phase. See, e.g., Citizens for Good Gov't v. City of Quitman, 148 F.3d 472, 474 (5th Cir. 1998); Milligan v. Allen, 690 F.Supp.3d 1226, 1320–21 (N.D. Ala. 2023); Dillard v. City of Greensboro, 956 F. Supp. 1576, 1577 (M.D. Ala. 1997).

4

**WHEREFORE**, Plaintiffs respectfully move this Honorable Court for the following relief:

A) Confirming the enforcement of this Court's permanent injunction;

B) Enjoining Defendants from administering, preparing for, or conducting any judicial election using Act 243 under Federal Rule of Civil Procedure 65(d);

C) Ordering Defendants to hold elections either according to the 1991 Judgment of this Court, specifically the three multi-member remedial plan approved by the Court on August 31, 1992 or according to Louisiana Act 145 of the 3rd Extraordinary Session, until further order the Court;

D) Taking any further steps that would dilute or retrogress the voting strength of African American citizens and candidates for the 19th JDC;

E) Waive security under F. R. Civ. P. 65(c) or, in the alternative, sets a nominal bond of $100 because Defendants will suffer no pecuniary loss from compliance with existing federal law;

F) Appoint a Special Master to assist and advise the Court on the redistricting remedial effects of Act 243 on African American voters and candidates opportunity to participate in constitutionally and statutorily fair elections;

G) A Temporary Restraining Order ("TRO") and preliminary injunction enjoining the enforcement of Act 243;

H) The Parties shall submit the names and qualifications of candidates to serve as special master no later than July 31, 2025; and

I) The parties shall submit any comments and objections on the candidates for special master proposed by other parties no later than August 30, 2025.

**II.    JURISDICTION & VENUE**

This Court retains continuing jurisdiction to enforce its own judgments. 28 U.S.C. §§ 1331, 1343(a)(3)–(4); Fed. R. Civ. P. 70; *Clark v. Roemer*, 500 U.S. 646, 652 n.3 (1991) (recognizing district court's power to police compliance with *Clark v. Edwards* injunction). Venue remains proper under 28 U.S.C. § 1391(b). "[A] court's injunctive power is permanent until compliance is achieved." *Moore v. Tangipahoa Parish Sch. Bd.*, 843 F.3d 198, 202 (5th Cir. 2016). Defendants' open defiance of the *Clark* decree warrants immediate relief under Rule 70 and, if necessary, contempt sanctions.

### III. FACTUAL BACKGROUD

The ensuing case judgments resulted in greater representation of African Americans on the 19th JDC and in the state's judicial system. With respect to the 19th JDC, the judgments of this Court called for the establishment of three electoral subdistricts to the office judge.

#### A. The 1988 Judgment

After a full trial, this Court held that Louisiana's at-large judicial election scheme violated § 2 of the VRA and permanently enjoined its use. *Clark v. Edwards*, 725 F. Supp. at 290–91.

#### B. Subsequent Appellate History

The Fifth Circuit and Supreme Court left the core findings intact. See *Clark v. Edwards*, 914 F.2d 115 (5th Cir. 1990); *Clark v. Roemer*, 500 U.S. 646 (1991).

#### C. Current Violations

On June 11, 2025, the Louisiana Legislature enacted Act 243 reinstating an at-large election district and most shockingly, eliminated two African American judicial seats and placed them into a majority-white Subdistrict in the 19th JDC. On information and belief, the Secretary of State has already issued an election calendar and ordered clerks to qualify candidates under the at-large

6

scheme. These actions flout this Court's judgment and will irreparably dilute African American voters' strength in the upcoming October 11, 2025, primary and November 15, 2025 run-off.

### D. Act 243 is Retrogressive.

Eliminating two minority-preferred divisions leaves African American voters with only seven safe seats. Retrogression alone establishes a § 2 violation. *Allen*, 599 U.S. at 19–20; *Beer*, 425 U.S. at 141–42.

## IV. LEGAL STANDARD

A temporary restraining order ("TRO") issues when the movant shows the following: 1) A substantial likelihood of success on the merits; 2) A substantial threat of irreparable harm absent relief; 3) The threatened injury outweighs any harm the injunction may cause the opposing party; and 4) The injunction will serve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (applying *Winter*[2] factors).

## V. ARGUMENT

### A. Likelihood of Success

Success is virtually certain. This Court has already adjudicated that at-large judicial districts violate § 2 and the Constitution. The Legislature cannot relitigate settled issues by statute; its defiance is subject to summary enforcement under the Court's inherent powers and Rule 70. *United States v. United Mine Workers*, 330 U.S. 258, 294 (1947).

### B. Irreparable Harm

The Supreme Court repeatedly recognizes that the denial of voting rights cannot be remedied after the fact. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Without immediate relief, Plaintiffs will be forced to participate in an election conducted under an unlawful scheme, an injury

---

[2] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

7

that "cannot be undone through monetary damages." *Veasey v. Perry*, 769 F.3d 890, 895 (5th Cir. 2014).

### C. Balance of Equities

Defendants suffer no cognizable harm from obeying a decades-old injunction. By contrast, Plaintiffs' franchise will be diluted. Equity strongly favors maintenance of the status quo ante—i.e., the three multi-member districts mandated by this Court.

### E. Public Interest

"[I]t is always in the public interest to prevent violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014). Enforcing compliance with VRA judgments promotes confidence in the rule of law and fair elections.

### F. Security

Courts routinely waive the Rule 65(c) bond when an injunction serves the public interest and no monetary harm is likely. See *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

## VI. COMPLIANCE WITH RULE 65(b)(1)

Counsel certify that immediate and irreparable injury will occur before Defendants can be heard in opposition. Counsel further certify that they notified counsel for Defendants via e-mail and telephone on July 1st, 2025 at 2:12 p.m. CDT of Plaintiffs' intent to seek a Temporary Restraining Order (TRO).

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court GRANT this Motion and enter the attached Proposed Temporary Restraining Order forthwith.

Respectfully submitted,

| | |
|---|---|
| THE MALEY LAW FIRM | STEVE IRVING, LLC |
| /s/ MARTIN K. MALEY, SR. | /s/ STEPHEN M. IRVING (of counsel) |
| Martin K. Maley, Sr., Bar Roll No. 20933 | Stephen M. Irving, Bar Roll No. 07170 |
| P. O. Box 3154 (70821) | P. O. Box 2108 |
| 4707 Bluebonnet Boulevard, Suite B | Baton Rouge, Louisiana 70832 |
| Baton Rouge, LA 70809 | Phone: (225) 933-5993 |
| Telephone: (225) 346-6781 | Fax: (225) 346-6788 |
| Facsimile: (225) 346-6788 | Email: steve@steveirvingllc.com |
| Email: mkmaley@eatel.net | |

*Attorneys for Plaintiff Orscini L. Beard, Donald R. Johnson, Trudy M. White, Gideon T. Carter, and Voter Information Project, LLC, Ronald R. Johnson, Gail Horne Ray, and Colette M. Greggs.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1st, 2025, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

/s/ Steve Irving
Steve Irving