IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANICE G. CLARK, ET AL** *Plaintiffs,* | **CIVIL ACTION** |
| | **No. 86-435-A JWD-EWD** |
| vs. | |
| **JEFF LANDRY, in his official capacity as Governor of the State of Louisiana, ET AL,** *Defendants*, | **DISTRICT JUDGE JOHN W. DEGRAVELLES** |
| | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |
| Certified Class Action Complaint | |

**PLAINTIFFS' POCKET BRIEF: MATTER SHOULD NOT BE STAYED**

**I.    INTRODUCTION**

Plaintiffs oppose a stay of these proceedings pending the Supreme Court's review in *Louisiana v. Callais*, No. 24-109. Plaintiffs seek only the reopening of this Court's final judgment in *Clark v. Roemer* to redress ongoing violations of that judgment and to ensure continued compliance with the judgment, the Voting Rights Act of 1965 (hereinafter referred to as the "VRA"), particularly Section 2, and the Fourteenth and Fifteenth Amendments to the United States Constitution. The relief sought is not contingent upon the outcome in *Callais*, and the motion to reopen is consistent with that judgment and falls squarely within this Court's inherent and continuing equitable jurisdiction.

**II.    THE LEGAL STANDARD FOR A STAY**

Courts consider four factors when evaluating whether to grant a stay: (1) Whether the movant has made a strong showing that it is likely to succeed on the merits; (2) Whether the movant will be irreparably injured absent a stay; (3) Whether issuance of the stay will substantially injure

the other parties interested in the proceeding; and (4) Where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009).

The Movants have made a strong showing that they are likely to succeed on the merits of this matter. As outlined more fully in Plaintiffs' Motion to Reopen, the State has failed to redistrict the First Circuit Court of Appeal District 2 (hereinafter referred to as the "First Circuit") for the last decade. Its failure to do so has negated this Court's judgment. The Movants will be irreparably harmed if this matter is stayed. Movants have been continuously denied their right to elect candidates of their choice and will continue to be denied this right if the Court stays this action.

The issues in *Callais* do not negate the enforceability of this Court's prior judgment, nor do they affect the propriety of reopening the case based on subsequent retrogressive actions. "This is not the unusual case in which the court is justified in not taking appropriate action to ensure that no further elections are conducted under the invalid system." *Clark v. Edwards*, 725 F. Supp. 285 (M.D. La. 1988) August 31, 1988.

### III. OVERVIEW OF *LOUISIANA v. CALLAIS* AND ITS RELEVANCE

In *Louisiana v. Callais*, the Supreme Court granted certiorari to determine whether the Voting Rights Act's Section 2, as currently interpreted, requires the creation of a second majority-African American congressional district in Louisiana. The case arises from findings by a federal district court that Louisiana's congressional map diluted Black voting strength, in violation of *Thornburg v. Gingles*, 478 U.S. 30 (1986).

Louisiana argues that Section 2 is unconstitutional to the extent it mandates race-conscious redistricting. However, as of now, Section 2 remains binding federal law, and federal courts—including this one—must continue to apply it unless and until the Supreme Court rules otherwise.

The mere pendency of *Callais* is not grounds for a stay. Courts routinely enforce existing constitutional and statutory protections while appellate decisions are pending. Moreover, no injunction or stay from the Supreme Court has suspended application of Section 2 in the interim. For reasons similar, a sister Court has not cancelled the remedial trial scheduled in *Nairne v. Ardoin*, No. 3:22-cv-0178 regarding Louisiana's legislative redistricting maps. The pretrial conference is August 18th and the remedial hearing commences August 25, 2025 (Doc. Recs. 279 and 334).

### IV. COMPARISON TO *ALLEN v. MILLIGAN* (ALABAMA)

The issues in *Callais* closely mirror those already resolved in *Allen v. Milligan*, 599 U.S. ___ (2023), where the Supreme Court reaffirmed the constitutionality and enforceability of Section 2. In *Milligan*, the Court held that Alabama's congressional map unlawfully diluted African American voting strength and ordered the creation of an additional majority-African American district. The Court explicitly rejected arguments similar to those now raised by Louisiana in *Callais*, including the claim that race-conscious remedies violate the Equal Protection Clause.

Louisiana, like Alabama, has a large African American population that is geographically compact and politically cohesive, satisfying all three *Gingles* preconditions. The Supreme Court's decision in *Milligan* affirms the validity of applying Section 2 to remedy racially discriminatory districting—exactly what Plaintiffs seek in *Clark*.

Thus, *Callais* is unlikely to lead to a reversal of settled law. If anything, *Milligan* signals that the Supreme Court is poised to uphold Section 2 once again.

## V. THIS COURT'S CONTINUING JURISDICTION TO ENFORCE ITS JUDGMENT

The Plaintiffs' motion to reopen is not based on an abstract or speculative application of Section 2. Rather, Plaintiffs seek relief based on this Court's prior judgment in *Clark*, which found Louisiana's judicial districts violated the Voting Rights Act and required remedial redistricting.

Federal courts retain jurisdiction to enforce and revisit their own final judgments where prospective relief is at stake and conditions have changed. See Fed. R. Civ. P. 60(b)(5). Plaintiffs allege that Louisiana's recent legislative actions have effectively nullified the remedy ordered in *Clark*, reducing the number of remedial judicial subdistricts and diluting minority voting strength. That retrogression falls squarely within this Court's power to correct and is not dependent on the outcome in *Callais*.

## VI. ONGOING HARM AND DISCRIMINATORY EFFECTS

Plaintiffs—predominantly African American voters and judicial candidates—continue to suffer harm under an electoral regime that fails to comply with this Court's final judgments. By eliminating remedial judicial subdistricts and consolidating those districts in a way that strips African American voters of meaningful opportunity to elect candidates of their choice, and unlawfully discriminating on the basis of race and reimposed second-class political status on citizens of East Baton Rouge Parish.

A stay would only deepen and extend their harm into and beyond the next election. "Plaintiffs won [their] case on the facts and the law in 1988, won it again in 1990 and again in 1991."[1] This Court should find no reasonable cause for further remedial delay. *Clark*, the federal constitution and the Voting Rights Act do not permit states to dismantle court-ordered remedies, delay the process and the substantive equity due, and render the rights of African American voters

---

[1] See Document 633, page 34, August 29, 1991.

and candidates unenforceable pending the possibility of future judicial retraction of those rights. As the Supreme Court stated in *Cooper v. Harris*, 581 U.S. 285 (2017), "[r]ace-based vote dilution injuries are personal and immediate." Plaintiffs are entitled to relief now.

## VII.   CONCLUSION

The Court should not issue a stay under the facts of this case. The motion to reopen *Clark* presents issues squarely within this Court's equitable jurisdiction, grounded in continuing violations of a federal judgment and not contingent on the outcome in *Callais*. Section 2 remains good law. Plaintiffs should not be forced to endure further discrimination while the Supreme Court reaffirms what it already made clear in *Milligan*: the Voting Rights Act still protects minority voters from intentional and effective vote dilution.

**Respectfully submitted**,

| | |
|---|---|
| THE MALEY LAW FIRM | STEVE IRVING, LLC |
| /s/ MARTIN K. MALEY, SR. | /s/ STEPHEN M. IRVING (of counsel) |
| Martin K. Maley, Sr., Bar Roll No. 20933 | Stephen M. Irving, Bar Roll No. 07170 |
| P. O. Box 3154 (70821) | P. O. Box 2108 |
| 4707 Bluebonnet Boulevard, Suite B | Baton Rouge, Louisiana 70832 |
| Baton Rouge, LA 70809 | Phone: (225) 933-5993 |
| Telephone: (225) 346-6781 | Fax: (225) 346-6788 |
| Facsimile: (225) 346-6788 | Email: steve@steveirvingllc.com |
| Email: mkmaley@eatel.net | |

*Attorneys for Plaintiff Orscini L. Beard, Donald R. Johnson, Trudy M. White, Gideon T. Carter, and Voter Information Project, LLC, Ronald R. Johnson, Gail Horne Ray, and Colette M. Greggs*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 8, 2025, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

/s/ Steve Irving
Steve Irving