## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JANICE CLARK,** *et al,*
  **Plaintiffs,**        **CIVIL ACTION NO:**

**Versus**           **86-00435-JWD-EWD**

**JEFF LANDRY, in his official capacity**
**As Governor of the State of Louisiana,**
*et al.,*
  **Defendants**

## POCKET BRIEF OF DEFENDANT, NANCY LANDRY, LOUISIANA SECRETARY OF STATE REGARDING WHETHER MOTION TO REOPEN SHOULD BE DENIED

  Defendant Nancy Landry, Louisiana Secretary of State, submits this pocket brief on the question of "whether the *Motion To Re Open* should be denied without prejudice in light of the most recent enactment of Act 243 of the 2025 Louisiana Regular Session and whether new briefing should be ordered on the *Motion To Re Open* in light of this recent change to the law."

**Motion To Re-Open (Doc 695)**

  The *Motion To Re Open* (Doc 695), filed October 7, 2024, by some movers, as best it can be understood, deals solely with District 2, Subdistrict 1, of the First Circuit Court of Appeal. The Prayer For Relief is to re-open the thirty-five year old case for "realigning the Divisions of the First Circuit Court of Appeal to make it equitable and maintain compliance with the Voting Rights Act" (Doc 695, p. 3). Reopening is sought under the third clause of F.R.C.P. Rule 60(b)(5) allowing a court to grant relief from a final judgment if "applying it prospectively is no longer equitable." The relief sought in the memorandum is for a declaration that all elections in District 2, Subdistrict 1, [of the First Circuit Court of Appeal] since 2010 are "in violation of this Court's judgment and in

violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973". In the memorandum in support, movers make claims that the state has failed to redistrict District 2 of the First Circuit Court of Appeal (Doc 718, pp. 7 and 63). In its opposition to the Motion To Re-Open (Doc 721), the Secretary of State alleges: 1) failure to serve all parties; 2) movers lack standing, and 3) the motion is untimely and should be dismissed.

**Motion For Temporary Restraining Order (Doc 737)**

The latest motion filed on July 1, 2025, "seeks to enjoin enforcement of Act 243 of the Regular Session of 2025, effective June 11, 2025, an Act that redistricts the 19th Judicial District Court." (Doc 737). Whether this motion includes a request to reopen under Rule 60(b)(5) is not clear. Movers there allege that Act 243 violates this Court's judgment of August 30, 1991, and the Voting Rights Act.

**Act 243 of 2025**

Act 243 amends La. R.S. 13:477(19) and La. R.S. 13:621.9 with respect to the 19th Judicial District Court by reducing the number of election sections, assigning judgeships to the election sections, and providing for a judge to be elected at large. Section 2 of Act 243 repeals Section 2(E) of Act No. 145 of the Third Extraordinary Session of 1994, an act which enacted the judgment of August 30, 1991 into law with respect to the 19th Judicial District Court. (Compare August 30, 1991 judgment and Section 5 of Act 145 of Third Extraordinary Session of 1994.) That being the case, no Rule 60(b)(5) motion is available with respect to the August 30, 1991, judgment regarding the 19th Judicial District Court as the law effectuating that judgment has been repealed by Act 243, making a Rule 60(b)(5) request regarding the judgment seemingly moot.

**The Motion to Re-Open Should Be Denied**

The Court can rule on a F.R.C.P. Rule 60(b)(5) motion without convening a hearing, *Lemoge v. U.S.,* 587 F.3d 1188, 1194 (9ᵗʰ Cir. 2009). The Secretary of State believes the motion to reopen should be denied as untimely, as well as for the other grounds set forth in the original opposition filed by the other defendants (Doc 720).

The request to enjoin Act 243 of the 2025 Louisiana Legislature deals with a subject, in the Secretary's opinion, not presented in the original motion to reopen (that motion deals with not legislating a new First Circuit Subdistrict, and the TRO request deals with legislation revising 19ᵗʰ Judicial District Court election sections). Both allege violations of Section 2 of the Voting Rights Act, which, the Secretary believes should be raised in separate litigation and not a reopening of a 35 year old judgment.

Inasmuch as the motion to reopen involves the alleged failure to legislate to redistrict a part of the First Circuit Court of Appeal and the request for temporary restraining order challenges the legislation redistricting the 19ᵗʰ Judicial District Court, the pleadings are incongruent. The only commonality may be the 1991 judgment rendered thirty-five years ago. The challenge to Act 243 which redistricts the 19ᵗʰ JDC does not relate to the basis for seeking reopening the thirty-five year old judgment, an alleged failure to redistrict a different court, a section of the First Circuit Court of Appeal.

Accordingly, the Secretary of State believes the Court would act within its authority by denying the motion to reopen.

**New Briefing on the Motion to Reopen In Light of Act 243**

Once the motion to re-open is denied, there would be no pleading upon which briefing may be ordered. Whether the Court desires to afford the plaintiffs leave to amend their motion to reopen,

to consolidate their pleadings, or to simply file another motion to reopen incorporating all requests for relief, with respect to the First Circuit, the 19th Judicial District Court, or on any other basis, lies within the discretion of the Court. What is clear is that the pending incongruent motions should be dismissed.

## CONCLUSION

It is respectfully submitted that the motion to reopen (Doc 695) should be dismissed. Amendment or a new suit may be an appropriate procedural vehicle for proceeding should the plaintiffs desire to do so.

By Attorney:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
7914 Wrenwood Blvd., Suite D
Baton Rouge, LA 70809
Telephone: (225) 231-1453
Email:  celiacan@bellsouth.net

*Attorney for Defendant, Nancy Landry, in her official capacity as Louisiana Secretary of State*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

/s/ Celia Cangelosi
Celia Cangelosi