UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE G. CLARK, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF LOUISIANA, et al.,<br><br>DEFENDANTS. | Civil Action No. 86-435<br><br>Judge: JWD - EWD |

## ATTORNEY GENERAL'S AND GOVERNOR'S POCKET BRIEF RELATED TO THE MOTION TO REOPEN

On July 2, 2025, the Court directed the parties to "submit pocket briefs, not to exceed five (5) pages, on the question of whether this action should be stayed pending a ruling by the Supreme Court on the constitutionality of Section 2 of the Voting Rights Act in *Louisiana v. Callais*, No. 24-109. Order at 1–2, ECF 738. The Attorney General and the Governor thus submit this brief in response.

Proceedings on Plaintiffs' Motion to Reopen and related filings should be stayed pending the Supreme Court's forthcoming ruling in *Louisiana. Louisiana* involves a challenge under the Equal Protection Clause to Louisiana's new congressional map, which Louisiana adopted in response to the Middle District and Fifth Circuit's determination that Louisiana likely violated Section 2 of the Voting Rights Act by failing to adopt a second majority-Black district. A three-judge panel in the Western District enjoined the new map containing two majority-Black districts, which Louisiana then appealed directly to the Supreme Court. The Court heard oral argument in March 2025. On the last day of the Term, however, the Court issued an

1

order stating that *Louisiana* is "restored to the calendar for reargument." *Louisiana v. Callais*, 2025 WL 1773632 (U.S. June 27, 2025). The order also stated that, "[i]n due course, the Court will issue an order scheduling argument and specifying any additional questions to be addressed in supplemental briefing." *Id.*

As of this filing, the Court has not yet issued an order specifying any additional questions to be addressed in supplemental briefing. The Clerk's Office of the Supreme Court, however, has notified Louisiana Solicitor General Ben Aguiñaga that *Louisiana* likely will be reargued on either October 14 or 15, 2025.

Although the parties do not yet know the focus of reargument, some Court-watchers believe that the Supreme Court may deem Section 2 unconstitutional altogether—or, at the least, that the Court's forthcoming *Louisiana* decision will directly alter the Court's voting precedents on Section 2 and the Equal Protection Clause. *See, e.g.*, Democracy Docket, *SCOTUS Will Rehear Louisiana Redistricting Case, Spelling Trouble for Future of Voting Rights Act*, YouTube (June 27, 2025), tinyurl.com/4rkyy4t4. Either outcome would dramatically impact this case given Plaintiffs' attempts to litigate new (or old, in their view) Section 2 and gerrymandering claims.

Accordingly, it makes eminent good sense to stay proceedings in this case pending the Supreme Court's decision in *Louisiana*. The October scheduling suggests that the Court is inclined to move quickly, so Plaintiffs will not be prejudiced by a stay. Moreover, any pre-*Louisiana* merits rulings in this Court would be exposed to arguments on appeal that they rest on an outdated view of the law—which, if

2

credited, would require a remand and do-over doubling the time and resources that the Court and parties already will have dedicated to this litigation. A stay avoids that scenario. Finally, this approach is consistent with the approach this Court has taken in other litigation where the governing legal framework seemed poised to shift in parallel litigation on appeal. *See* Order, *Wessinger v. Cain*, No. 04-cv-637 (M.D. La. Sept. 25, 2023) (staying habeas ruling pending the Supreme Court's disposition of a similar case).

For these reasons, the Attorney General and Governor respectfully submit that the Court should:

- Stay proceedings in this case pending the Supreme Court's decision in *Louisiana*; and

- Direct the parties to file a motion to lift the stay no later than 14 days after the Supreme Court's decision in *Louisiana*.

Dated: July 9, 2025

Respectfully submitted,

/s/ Carey T. Jones
CAREY T. JONES (La #07474)
  *Assistant Attorney General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70802
Telephone:  (225) 326-6000
Facsimile:   (225) 326-6096
JonesCar@ag.louisiana.gov

*Counsel for Liz Murrill, in her official capacity as Louisiana Attorney General*

/s/ James G. Evans
ANGELIQUE D. FREEL (La #28561)
JAMES G. EVANS (La #35122)
JEFFREY M. WALE (La #36070)
OFFICE OF THE GOVERNOR
P.O. Box 94004
Baton Rouge, LA 70804
Telephone:  (225) 342-5819
Angelique.Freel@la.gov
Gary.Evans2@la.gov
Jeffrey.Wale@la.gov

*Counsel for Governor Jeff Landry*

CERTIFICATE OF SERVICE

I certify that this brief has been electronically filed in the CM/ECF system and served on all interested counsel via the PACER system.

s/Carey T. Jones
CAREY T. JONES

4