UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JANICE CLARK**, *et al*,
    Plaintiffs,

CIVIL ACTION NO:

Versus

86-00435-JWD-EWD

**JEFF LANDRY, in his official capacity
As Governor of the State of Louisiana,**
*et al.*,
    **Defendants**

### POCKET BRIEF OF DEFENDANT, SECRETARY OF STATE NANCY LANDRY REGARDING STAY PENDING RULING BY THE SUPREME COURT

MAY IT PLEASE THE COURT:

Defendant Nancy Landry, Louisiana Secretary of State, submits this pocket brief on the question of "whether this action should be stayed pending a ruling by the Supreme Court on the constitutionality of Section 2 of the Voting Rights Act in *Louisiana v. Callais*, No. 24-109."

***Louisiana v. Callais*, U.S. Supreme Court, No. 24-109**

*Louisiana v. Callais* involves a constitutional challenge to Louisiana's most recent districting map. The map was enacted by the legislature to address Voting Rights Act, Section 2, violations. Plaintiffs allege that the Congressional map's second majority black district amounts to a racial gerrymander. The district court concluded that the map effected a racial gerrymander that violates the Equal Protection Clause, *Callais v. Landry*, 732 F.Supp. 574, 582, 588 (W.D. La. 2024). The U.S. Supreme Court stayed the lower court decision under *Purcell v. Gonzales*, 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed. 1 (2006) and allowed elections to proceed using the legislature's districting map. Louisiana appealed directly to the U.S. Supreme Court and extensive arguments were heard. However, on June 27, 2025, the Supreme Court restored the case to the calendar for reargument,

-1-

*Louisiana v. Callais*, 2025 WL 1773632 (2025).  The Supreme Court is to issue an order scheduling argument and specifying additional questions to be briefed.

The question before the Supreme Court remaining in *Louisiana v. Callais* is essentially whether a remedy under Section 2 of the Voting Rights Act can violate equal protection.  An answer by the highest court to that question is relevant to the issues posed by the motion to reopen in the instant case where movers allege that Act 243 violates both Section 2 and the Equal Protection Clause.

The United States Supreme Court is expected to decide the issue presented in *Callais* within its upcoming term, in no more than one year.  That decision will provide this Court with guidance in determining if there are violations and if so, what remedy would be available.  It is expected the Court will decide whether or not the Constitution prevails over Section 2 of the Voting Rights Act.

**This Action Should Be Stayed**

Just like the Supreme Court stayed the lower court decision in *Louisiana v. Callais*, and left the alleged Section 2 violation remedy in place until a decision is made on the interplay between Section 2 of the Voting Rights Act and the Equal Protection Clause of the U.S. Constitution, the Secretary of State submits that this case before this Court should be stayed pending that Supreme Court ruling as well.

As the *Purcell* principle recognizes, changes to election laws and procedures are disruptive and often chaotic.  This Court should avoid adjudicating any such changes until the Supreme Court determines the appropriate interplay between Section 2 and the Equal Protection Clause.

If changes to the election districts are required, those changes should be consistent with the decision in the case pending before the United States Supreme Court, which may involve significant

changes to the past's treatment of the Voting Rights Act.

## CONCLUSION

The Louisiana Secretary of State submits that this action should be stayed pending a ruling by the Supreme Court on the constitutionality of the Voting Rights Act in *Louisiana v. Callais*, No. 24-109.

By Attorney:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
7914 Wrenwood Blvd., Suite D
Baton Rouge, LA 70809
Telephone: (225) 231-1453
Email:  celiacan@bellsouth.net

*Attorney for Defendant, Nancy Landry, in her official capacity as Louisiana Secretary of State*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system.

/s/ Celia Cangelosi
Celia Cangelosi